TODD A. FREALY (SBN 198780)
taf@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff, Amy L. Goldman, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**MARYAM HADIZADEH,**<br><br>Debtor. | **CASE NO.: 1:18-bk-11900 VK**<br><br>**Chapter 7** |
| **AMY L. GOLDMAN, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**HOUSHANG PAVEHZADEH, an individual, and MONA SOLEIMANI, an individual,**<br><br>Defendants. | **Adv. No. 1:18-ap-      VK**<br><br>**COMPLAINT:**<br><br>**(1)    FOR DECLARATORY RELIEF;**<br><br>**(2)    SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE;**<br><br>**(3)    TURNOVER OF PROPERTY OF THE ESTATE**<br><br>**[11 U.S.C. §§ 363(h) and 542]** |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Amy L. Goldman, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Maryam Hadizadeh (the "Debtor"), avers as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 363 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

3.      The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4.      Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES AND GENERAL ALLEGATIONS

5.      This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, by the Debtor, on July 28, 2018 (the "Petition Date").

6.      Thereafter, Plaintiff Amy L. Goldman being duly qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

7.      The Trustee is informed and believes, and based thereon alleges that defendant Houshang Pavehzadeh ("Houshang") is an individual residing in Chatsworth, California and is subject to the jurisdiction of this Court. Houshang is the non-filing ex-spouse of the Debtor.

8.     The Trustee is informed and believes, and based thereon alleges that defendant Mona Soleimani ("Mona") is an individual who currently conducts a business or profession in Sherman Oaks, California and is subject to the jurisdiction of this Court. Houshang and Mona were also previously married.

## GENERAL ALLEGATIONS

9.     The Trustee is informed and believes, and based thereon alleges that during marital dissolution proceedings between Houshang and Mona, the Superior Court held, pursuant to an order entered on July 31, 2009, that the real property located at 5720 Owensmouth Avenue, Unit #170, Woodland Hills, California 91367 (the "Property") was community property, and awarded one-half of the Property to Houshang and one-half of the Property to Mona (the "Dissolution Order"). A true and correct copy of the Dissolution Order is attached hereto as **Exhibit "1"**.

10.     Several years after the finalization of the dissolution proceedings between Houshang and Mona, the Trustee is informed and believes, and based thereon alleges that the Debtor and Houshang were married.

11.     The Trustee is informed and believes, and based thereon alleges that on April 1, 2016, while he was married to the Debtor, Houshang transferred his ownership interest in the Property to the Debtor and Houshang through the execution and recording of a quitclaim deed (the "Quitclaim Deed"). The language on the Quitclaim Deed states: "Houshang Pavehzadeh, a married man as to an undivided 10% interest and Seyede Maryam Pavehzadeh, a married woman as to an undivided 90% interest, who are husband and wife." A true and correct copy of the Quitclaim Deed is attached hereto as **Exhibit "2"**.

12.     The Trustee reserves her right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to defendants' name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action

arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

13.     The Trustee realleges and incorporates herein by this reference the foregoing paragraphs 1 through 12 of this Complaint as if set forth in full herein.

14.     The Trustee is informed and believes, and based thereon alleges that as a result of the Quitclaim Deed, a 50% interest in the Property is the community property of the Debtor and Houshang, and such interest in the Property is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. Section 541(a)(2).

15.     The Trustee is informed and believes, and based thereon alleges that Houshang denies the validity of the Quitclaim Deed. Thus, an actual controversy has arisen concerning the Debtor's and estate's interest in the Property.

16.     The Trustee seeks judicial determination by this Court to determine the following issues:

a. That the Quitclaim Deed is valid and effectuated a transfer of an interest in the Property to the Debtor;

b. That on the Petition Date, a 50% interest in the Property was the community property of the Debtor and Houshang, and that said interest is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. Section 541(a)(2).

17.     A judicial declaration is necessary and appropriate at this time so that the controversy between the parties concerning the Debtor's and estate's interest in the Property can be resolved.

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**(Against Houshang and Mona To Sell Interest of Co-Owners – 11 U.S.C. § 363(h))**

18.     The Trustee incorporates herein by reference the foregoing paragraphs 1 through 17 of this Complaint as if set forth in full herein.

19.     The Trustee desires to sell both the estate's interest in the Property together with the remaining interest in the Property owned by Houshang (if any), and Mona's 50% interest in the Property.   Presently, Mona does not reside at the Property and is being rented by Mona to a third party.

20.     The Trustee is informed and believes, and based thereon alleges that partition in kind of the Property between the estate, Houshang (if applicable) and Mona is impracticable.

21.     The Trustee is informed and believes, and based thereon alleges that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interest owned by Houshang (if any) and Mona.

22.     The Trustee is informed and believes, and based thereon alleges that the benefit to the estate of a sale of the Property free of the interest owned by Houshang (if any) and Mona outweighs the detriment, if any, to Houshang (if applicable) and Mona.

23.     The Trustee is informed and believes, and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**THIRD CLAIM FOR RELIEF**

**(Against Houshang and Mona For Turnover of Property - 11 U.S.C. § 542)**

24.     The Trustee incorporates herein by reference the foregoing paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25.     The Property constitutes property of the estate pursuant to 11 U.S.C. § 541(a).

/ / /

/ / /

26.     The Trustee is informed and believes, and based thereon alleges that Houshang (if applicable) and Mona[1] are in possession, custody and/or control of the Property.

27.     The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property can be marketed and sold for the benefit of the Debtor's creditors.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A.     A judicial determination by this Court that the Quitclaim Deed is valid and effectuated a transfer of an interest in the Property to the Debtor and that bankruptcy estate owns a 50% interest in the Property; and

B.     For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

C.     For a judgment permitting the Trustee to sell the interest of the bankruptcy estate and the interests of Houshang and Mona in the Property pursuant to 11 U.S.C. § 363(h); and

D.     For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

E.     For a judgment compelling the Defendant to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542; and

F.     For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

---

[1] The Trustee is informed and believes and based thereon alleges the Property is currently being rented by Mona to a third party.   To the extent the Trustee prevails on her claim for relief for turnover of the Property pursuant to 11 U.S.C. § 542, the Trustee requests that judgment against Mona shall require Mona to remove any third parties in possession of the Property.

<u>As to All Claims for Relief:</u>

     G.    For costs of suit incurred herein.

     H.    For such other and further relief, which this Court deems just and appropriate.

DATED: December 20, 2018         LEVENE, NEALE, BENDER,
                                YOO & BRILL L.L.P.

                               By:   /s/ Todd A. Frealy         
                                  TODD A. FREALY
                                  ANTHONY A. FRIEDMAN
                          Attorneys for Plaintiff, Amy L. Goldman,
                          Chapter 7 Trustee for the Bankruptcy Estate
                          of Maryam Hadizadeh

# EXHIBIT "1"

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Fariba Soleimani, Esq.                169283
LAW OFFICE OF FARIBA SOLEIMANI
10850 WILSHIRE BLVD., SUITE 220
LOS ANGELES, CA. 90024
TELEPHONE NO.: (310) 441-8301    FAX NO.(Optional): (310) 441-8303
E-MAIL ADDRESS (Optional): Soleimani7@yahoo.com
ATTORNEY FOR (Name): Danny H. Pavehzadeh

FOR COURT USE ONLY

JUL 31 2009

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, Ca. 91401
BRANCH NAME: Northwest District

MARRIAGE OF
PETITIONER: Danny H. Pavehzadeh

RESPONDENT: Mona Soleimani

JUDGMENT

CASE NUMBER:
LD053572

[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of
       marital or domestic partnership status
   [ ] Judgment on reserved issues
Date marital or domestic partnership status ends: JUL 31 2009

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s)         of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested [ ] By declaration under Family Code section 2336
   [ ] Contested
   a. Date: 7/31/09             Dept.: J            Room:
   b. Judicial officer (name): Honorable Comm. Susan Weiss    [ ] Temporary judge
   c. [X] Petitioner present in court    [X] Attorney present in court (name): Fariba Soleimani
   d. [ ] Respondent present in court   [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):
   f. [ ] Other (specify name):                                 [ ] Attorney present in court (name):

3. The court acquired jurisdiction of the respondent on (date): 10-10-08
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
         status of single persons.
      (1) [X] on (specify date): JUL 31 2009
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
          Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
          court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
          of Rights and Responsibilities-Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
          Child Support Order (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

ESSENTIAL FORMS™

JUDGMENT
(Family Law)

Family Code, §§ 2024, 2340,
2343, 2346
www.courtinfo.ca.gov

Danny H. Pavehzadeh

Branch :ETC    User :JGON

FL-180

| CASE NAME *(last name, first name of each party):* | CASE NUMBER: |
|---|---|
| Marriage of Pavehzadeh and Soleimani | LD053572 |

**4.** *(Cont'd.)*

    i. ☐ A settlement agreement between the parties is attached.

    j. ☐ A written stipulation for judgment between the parties is attached.

    k. ☐ The children of this marriage or domestic partnership.

        (1) ☐ The children of this marriage or domestic partnership are:

            Name                                   Birthdate

        (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

    l. ☐ Child custody and visitation are ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

        (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

        (4) ☐ other *(specify):*

    m. ☐ Child support is ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

        (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

        (4) ☐ other *(specify):*

    n. ☒ Spousal or partner support is ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

        (3) ☒ other *(specify):*  Attached

    NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

    o. ☒ Property division is ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

        (3) ☒ other *(specify):*  Attached

    p. ☒ Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:  JUL 31 2009

**5.** Number of pages attached: <u>4</u>

                                      JUDICIAL OFFICER

                                ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

---

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

---

FL-180 [Rev. January 1, 2007]                 **JUDGMENT**                            Page 2 of 2

Martin Dean's                 (Family Law)

ESSENTIAL FORMS™                                Danny H. Pavehzadeh

1   It Is Further Ordered:

2   1.   Recital of Marital Proceedings:

3       The Court finds that Petitioner filed a Petition for Dissolution of Marriage in the

4       Superior Court, State of California, Northwest District, LA County, located at 6239

5       Sylmar Ave., Van Nuys, Ca. 91401, bearing case no. LD 053572.

6   2.   The Court finds that jurisdiction was obtained over the Respondent On October 10,

7       2008.

8   3.   Respondent's Default was entered on March 12, 2009.

9   4.   The Court Orders the following as to the division of party's assets and debts:

10      I.   Petitioner is awarded with the following assets and debts as his sole and

11          separate property, along with any and all encumbrances, free of any claim or

12          interest by the Respondent:

13      A.   Property located at 19156 Hamlin Street, #4, Reseda, Ca. 91335,legally

14          described on attached Exhibit "A".

15      B.   One half interest in the family interest located at 5720 Owensmouth, #170,

16          Woodland Hills, Ca. 91367, legally described on attached Exhibit "B".

17      C.   100% interest in the business known as Sylmar Physicians Medical Group

18          a Chiropractic business, and 100% of all its shares and all business bank

19          accounts associated with the business.

20      D.   One half of the community savings of $200,000.00 at the Wachovia Bank.

21      E.   Honda, License Plate No. 5SBY054, as his sole and separate property.

22      F.   All furniture and furnishing currently in the Petitioner's possession.

23      G.   All Bank Accounts under the Petitioner's name.

24      H.   All earnings and accumulations by the Petitioner after date of separation.

25

26      II.  Respondent is awarded with the following assets and debts as her sole and

27          separate property, along with any and all encumbrances, free of any claim or

28          interest by the Petitioner:

A.  One half interest in the family interest located at 5720 Owensmouth, #170, Woodland Hills, Ca. 91367, legally described on attached Exhibit "B".

B. ~~One half of the community savings of $200,000.00, at the Wachovia Bank. The Court finds that Respondent has already withdrawn sum of $100,000.00 from this money, as her share of the funds.~~

C.  2002 Lexus IS 300 License Plate NO. Is unknown to Petitioner.

D. ~~100% of the Acupuncture Business, operated by the Respondent.~~

E. ~~All furniture and furnishing currently in the Respondent's possession.~~

F. ~~All bank accounts under the Respondent's name.~~

G.  All earnings and accumulations by the Respondent after date of Separations.

5.  Further Orders as to the Family Residence located 5720 Owensmouth, #170, Woodland Hills, Ca. 91367:

Petitioner is ordered to sell the house forthwith for market value and to divide the sales proceed after all expenses equally.   Further, Petitioner shall have the right to select an agent, and sign all the listing papers and sales documents on behalf of Respondent, to accomplish sale of the property and to divide the net proceeds equally.

6.  The Court's jurisdiction to award spousal support to Petitioner or Respondent is terminated forthwith forever and no court shall have jurisdiction to award either Petitioner or Respondent with spousal support.

7.  This Judgment shall insure to the benefit of and to be binding on both Petitioner and Respondent, personal representative, assigns and other successors in interest of Petitioner and Respondent.

8.  **Further Acts:**

Petitioner and Respondent shall, on the demand of the other, execute or deliver any instrument, furnish any information, or perform any other act reasonably necessary to carry out the provisions of this Judgment without undue delay or expense.

If either party fails to execute any document(s) necessary to effectuate the terms of

- 2 -

this Judgment/Stipulation For Judgment within ten days after presentation of said

document(s), the Clerk of the Court may be appointed to execute said document(s),

upon ex-parte application by the other to the Superior Court, provided twenty-four

hours notice is given, where reasonable.  Any party who fails to comply with this

paragraph shall reimburse the other party for any expenses, including attorney's fees

and costs, which as a result of the failure, become reasonably necessary to carry out

this Agreement.

9.    **Release of Estates and Survivor Benefits:**

Neither Petitioner, nor Respondent shall have any right to inherit the estate of the

other at his or her death, or to take property from the other by devise or bequest, or

to claim any family allowance or probate homestead, or to act as administrator or

administrative of the estate of the other.

10.    **Court Retains Jurisdiction:**

It is further ordered that the Court shall retain jurisdiction over the parties and the

property set forth herein to carry out and enforce the terms of this Judgment.

11.    **Attorney's Fees and Costs:**

Each party shall bear his or her own legal fees.  However, if any legal action or

proceedings is instituted to enforce the provisions of this Judgment, the prevailing

party shall be entitled to all costs and attorney's fees incurred.

- 3 -

12.    **Changes in Law:**

Subsequent changes in California law and Federal law through legislation or judicial interpretation that create or find additional or different rights and obligations of the parties shall not affect this Judgment.

SO ORDERED:

DATED: 7/31/09

Judge of the Superior Court

SUSAN K. WEISS

- 4 -

Branch :ETC   User :JGON

  ORDER NO. 2607009271-56

## EXHIBIT "A"

SAID LAND IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS
DESCRIBED AS FOLLOWS:

**03 1865896**

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

THAT PORTION OF LOT 2 OF TRACT NO. 32478, IN CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 852 PAGE(S) 79 TO 84 INCLUSIVE OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY, SHOWN AND DEFINED AS UNIT 100 ON THE
REVISED CONDOMINIUM PLAN RECORDED NOVEMBER 14, 1975, AS INSTRUMENT
NO. 5426, OF OFFICIAL RECORDS OF SAID COUNTY.

PARCEL 2:

AN UNDIVIDED 1/73RD INTEREST IN AND TO LOT 2 OF SAID TRACT NO. 32478.

EXCEPT THEREFROM ALL THOSE PORTIONS SHOWN AND DEFINED AS UNIT 87 TO
159, INCLUSIVE ON SAID REVISED CONDOMINIUM PLAN.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS,
NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN,
GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING,
THAT MAT BE WITHIN OR UNDER SAID LAND, TOGETHER WITH THE PERPETUAL
RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE, AND
STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LANDS,
INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM
LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO,
THROUGH OR ACROSS THE SUBSURFACE OF THE SAID LAND AND TO BOTTOM SUCH
WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER
AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL,
RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS
OR MINES, WITHOUT HOEVER THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND
OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE
OF SAID LAND, AS GRANTED TO WATT INDUSTRIES, INC., A CALIFORNIA
CORPORATION, FORMERLY MAGNOLIA LAND COMPANY, A CALIFORNIA
CORPORATION, IN THE DEED RECORDED APRIL 22, 1975, AS INSTRUMENT NO.
3939, OFFICIAL RECORDS.

PARCEL 3:

NON-EXCLUSIVE EASEMENT FOR INGRESS TO, EGRESS FROM AND USE AND
ENJOYMENT OF RECREATIONAL FACILITIES ON LOT 3 OF TRACT NO. 32478, IN
THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA,
AS SHOWN ON A MAP FILED IN BOOK 852 PAGES 79 TO 84 INCLUSIVE OF MAPS,
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, SAID EASEMENT IS
APPURTENANT TO AND FOR THE BENEFIT OF PARCELS 1 AND 2 ABOVE.

ALSO EXCEPT THEREFROM THOSE PORTIONS SHOWN AND DESIGNATED AS PATIOS
"P-79 TO P-86" INCLUSIVE ON SAID REVISED CONDOMINIUM PLAN.

APPROVED:

By: **03 1865896**

OLD REPUBLIC TITLE COMPANY

EX. "B"

Branch :ETC   User :JGON

  

ORDER NO.: 2607009271-56

LEGAL DESCRIPTION CONTINUED:

ALSO EXCEPT THEREFROM ALL THOSE PORTIONS SHOWN AND DEFINED AS UNITS 79 TO 86, INCLUSIVE, ON SAID REVISED CONDOMINIUM PLAN.

ALSO EXCEPT THEREFROM THOSE PORTIONS SHOWN AND DESIGNATED AS GARAGES "G-79 TO G-86" INCLUSIVE ON SAID REVISED CONDOMINIUM PLAN.

PARCEL 4:

AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND USE OF PATIO OVER THAT PORTION OF LOT 2 OF TRACT NO. 32478, SHOWN AND DEFINED ON SAID REVISED CONDOMINIUM PLAN, PATIO "P-100".

SAID EASEMENT IS FOR THE BENEFIT OF AND APPURTENANT TO PARCELS 1 AND 2 ABOVE.

PARCEL 5:

AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND USE OF GARAGE OVER THAT PORTION OF LOT 2 OF TRACT NO. 32478, SHOWN AND DESIGNATED ON SAID REVISED CONDOMINIUM PLAN, GARAGE "G-100".

SAID EASEMENT IS FOR THE BENEFIT OF AND APPURTENANT TO PARCELS 1 AND 2 ABOVE.

PARCEL 6:

AN EXCLUSIVE EASEMENT FOR PRIVATE DRIVEWAY PURPOSES OVER THOSE PORTIONS SHOWN AND DESIGNATED AS PRIVATE DRIVEWAY PURPOSES UPON SAID MAP OF TRACT NO. 32478.

SAID EASEMENT IS FOR THE BENEFIT OF AND APPURTENANT TO PARCELS 1 AND 2 ABOVE.

EXCEPT THEREFROM THAT PORTION LYING WITHIN LOT 2 OF SAID TRACT NO. 32478, OFFICIAL RECORDS.

KS/PLATS ENCLOSED

APPROVED:

By:_____

By:_____

03  1865896

OLD REPUBLIC TITLE COMPANY

Branch :ETC   User :JGON

 

File No: 02216264

3

# EXHIBIT "B"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

A Condominium Comprised of:

A.     An undivided 1/63rd interest in Lot 2 of Tract No. 23527, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 885, Pages 68 and 69 of Maps, in the Office of the County Recorder of said County.

Except therefrom Units 124 to 186, inclusive, as shown and defined on the Condominium Plan recorded February 23, 1979, as Instrument No. 79-213848, Official Records.

EXCEPT therefrom all oil, gas, minerals, and other hydrocarbon substances lying below the surface of said land, but with no right of surface entry, as provided in deeds of record.

B.     Unit 170 as shown and defined on the Condominium Plan referred to above.

Assessor's Parcel Number: **2146-031-181**

EX. "B"

Page 3

Branch :ETC    User :JGON

THE DOCUMENT TO WHICH THIS CERTIFICATE IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY
OF THE ORIGINAL ISSUED BY THIS OFFICE
ON 07-/31/2009 OF RECORD.

ATTEST___MAR 1 3 2017___

SHERRI R. CARTER, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles.

By_____ Deputy

A. Munoz

# EXHIBIT "2"



**This page is part of your document - DO NOT DISCARD**

## 20160360814





**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/01/16 AT 10:09AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |





**L E A D S H E E T**



201604010710009

00011903834



007468292

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E111663

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Seyede Maryam Pavehzadeh
5720 Owensmouth Ave #170
Woodland Hills, CA 91367

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.:

Escrow No.:

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX Is $'THIS IS A BONAFIDE GIFT AND THE GRANTOR AND GRANTEE
RECEIVED NOTHING IN RETURN R & T 11911.**

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X]  City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Houshang Pavehzadeh, A Married Man who acquired title as Houshang Pavehzadeh as an Unmarried Man**

do(es) hereby remise, release and forever quitclaim to:

**Houshang Pavehzadeh, A Married Man as to an undivided 10% Interest and Seyede Maryam Pavehzadeh,
A Married Woman as to an undivided 90% Interest, who are Husband and Wife**

lthe real property in the City of Los Angeles , County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

A.P. # 2146-031-181  Also Known as: 5720 Owensmouth Avenue, #170, Woodland Hills, Ca 91367

DATED February 9, 2016

Houshang Pavehzadeh

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA KERN
COUNTY OF
On 3/18/2016 before me, Susana Landa    A  Notary  Public
personally appeared Houshang Pavehzadeh    who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.
WITNESS my hand and official seal.

Signature

SUSANA LANDA
COMM. #1988172
NOTARY PUBLIC•CALIFORNIA
KERN COUNTY
My Comm. Exp. Sep. 13, 2016

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

Branch :ETC   User :JGON

**Exhibit "A"**

Real property in the City of **LOS ANGELES**, County of Los Angeles, State of California, described as follows:

**A CONDOMINIUM COMPRISED OF:**

**A. AN UNDIVIDED 1/63RD INTEREST IN LOT 2 OF TRACT NO. 23527, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 885, PAGES 68 AND 69 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPT THEREFROM UNITS 124 TO 186 INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED FEBRUARY 23, 1979, AS INSTRUMENT NO. 79-213848, OFFICIAL RECORDS.**

**B. UNIT 170 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.**

**APN #: 2146-031-181**

FORM B104 (8/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARYPROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>AMY GOLDMAN, Chapter 7 Trustee for the Estate of Maryam<br>Hadizadeh | **DEFENDANT(S)**<br>HOUSHANG PAVEHZADEH, an individual, and MONA<br>SOLEIMANI, an individual. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ANTHONY A. FRIEDMAN (SBN 201955)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA  90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE ABRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED):
COMPLAINT: (1) FOR DECLARATORY RELIEF; (2) SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE; (3) TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. §§ 363(h) and 542]

## NATURE OF SUIT
**(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)**

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☒ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>(other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property**<br><br>☒ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation | ☒ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false<br>representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,<br>larceny<br>**(continued next column)** | ☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  N/A |

Other Relief Sought:
(a) for costs of suit incurred herein; (b) for reasonable attorney's fees as may be allowed by law; and (c) for such other relief as the
court may deem just and proper.

FORM B104 (8/07), page 2                                              2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | |
| --- | --- |
| NAME OF DEBTOR<br>**MARYAM HADIZADEH** | BANKRUPTCY CASE NO.<br>**2:18-bk-11900-VK** |

| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**SAN FERNANDO VALLEY DIVISION** | NAME OF JUDGE<br>**THE HON. VICTORIA S. KAUFMAN** |
| --- | --- | --- |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Todd A. Frealy* | |
| --- | --- |
| DATE<br>December 20, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Todd A. Frealy |